**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| **MICHAEL J. DOZIER,** | Case No. 4:25-cv-06725-JD-KDW |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| **FOUNDERS GROUP INTERNATIONAL, KIM WEAVER, and MITCH THOMPKINS,** | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (DE 46). The Report recommends granting the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Founders Group International ("FGI"), Kim Weaver ("Weaver"), and Mitch Thompkins ("Thompkins") (collectively, "Defendants") (DE 35). Plaintiff Michael J. Dozier ("Plaintiff"), proceeding pro se, filed objections (DE 49; DE 51); Defendants responded (DE 52); and Plaintiff replied (DE 55).

After the Report was issued, Plaintiff moved for leave to amend and attached a proposed Amended Complaint. (DE 56; DE 56-1.) That Motion remains pending.

**A.      Background**

The Report sets forth the relevant factual and procedural background, which the Court incorporates except as modified herein. The Court summarizes only those matters necessary to resolve the pending Report and Defendants' Motion.

1

1.    **Plaintiff's Pleadings and Defendants' Motion**

Plaintiff initiated this employment action on July 3, 2025. (DE 1.) Following initial review, the Magistrate Judge directed Plaintiff to bring the case into proper form and to complete the Court's Complaint for Employment Discrimination form. (DE 10.) Plaintiff subsequently filed that form as a supplemental pleading, identifying FGI, Weaver, and Thompkins as Defendants. (DE 1-1.) Construing the filings liberally, the Magistrate Judge treated DE 1 and DE 1-1 together as asserting race-discrimination and retaliation claims under 42 U.S.C. § 1981 and a state-law breach-of-contract claim.

On October 29, 2025, Defendants moved to dismiss under Rule 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e). (DE 35.) Defendants argued that the operative pleadings consisted principally of conclusory allegations and failed to state a plausible claim against any Defendant. (DE 35-1 at 9-19.) Plaintiff opposed the Motion (DE 38), Defendants replied (DE 41), and Plaintiff thereafter submitted additional materials at DE 42 and DE 43.

B.    **Report and Recommendation**

On March 4, 2026, the Magistrate Judge issued the Report recommending that Defendants' Motion be granted and Plaintiff's Complaint dismissed. (DE 46.) As to race discrimination, the Report reasoned that Plaintiff alleged membership in a protected class and termination but did not allege sufficient facts showing satisfactory performance at the time of termination or more favorable treatment of similarly situated employees outside his protected class. (*Id*. at 7-8.)

2

The Report also concluded that Plaintiff failed to allege sufficient facts connecting his protected activity to his termination to state a plausible retaliation claim. (*Id.* at 8.) It found no alleged contract supporting the breach-of-contract claim and no actionable claim against Weaver or Thompkins individually. (*Id.* at 8-9.) The Report also declined to treat Plaintiff's later submissions at DE 42 and DE 43 as amendments to the operative pleadings. (*Id.* at 6 n.2.)

## C.     Legal Standard

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court conducts de novo review of those portions of the Report to which a party makes a specific written objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommended disposition, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the Court need only determine that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A Rule 12(b)(6) motion tests the legal sufficiency of the operative complaint. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but it need not accept legal conclusions or naked assertions devoid of factual enhancement. *Id.* at 678-79.

Ordinarily, Rule 12(b)(6) review is limited to the complaint and documents attached to or incorporated into it. *Goines v. Valley Community Services Board*, 822 F.3d 159, 165-68 (4th Cir. 2016). An attached document is not automatically accepted as true, particularly when it was prepared by a defendant and is offered to show the defendant's position rather than the truth of disputed facts. Id. at 167-68. Nor may a party amend a complaint through later briefing or oral advocacy. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013).

An employment-discrimination plaintiff is not required to plead each element of the *McDonnell Douglas* prima facie case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002). Rule 8 nevertheless requires factual allegations that make unlawful discrimination plausible rather than merely possible. *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 814 (4th Cir. 2026); *McCleary-Evans v. Maryland Department of Transportation*, 780 F.3d 582, 585-88 (4th Cir. 2015).

## D.     Discussion and Objections

Plaintiff raises six objections to the Report, contending that he adequately alleged (1) race discrimination, (2) satisfactory performance and unequal discipline, (3) protected activity and retaliation, (4) that his pro se filings were not liberally construed, (5) that dismissal without leave to amend is improper, and (6) that he stated a claim against Thompkins. (DE 49; DE 51.) He also claims he has stated a valid claim for breach of contract. (DE 49 at 10.) The objections are addressed below.

4

### 1.    Scope of Review and Pending Motion to Amend

Plaintiff's fourth and fifth objections raise a threshold question about the materials properly considered in resolving DE 35. Plaintiff contends that the Magistrate Judge failed to liberally construe his affidavits, emails, supporting communications, and later declarations, and he alternatively requests an opportunity to amend. (DE 51 at 4-5.) Defendants respond that facts first asserted outside the operative Complaint cannot cure it. They also point out that portions of DE 49 simply refile documents that were already attached to DE 1, while other portions contain new allegations or documents. (DE 52 at 4-6, 9-14.)

The Court agrees with that distinction. It has considered DE 1 and DE 1-1 together with the materials properly attached to or incorporated into those pleadings. To the extent DE 49 merely refiled those same materials, they are already part of the Rule 12 record. But allegations or documents appearing for the first time in DE 42, DE 43, DE 49, or DE 51 do not amend the operative Complaint. *See Goines*, 822 F.3d at 165-68; S. Walk at Broadlands, 713 F.3d at 184-85. Plaintiff's fourth objection is therefore overruled.

Plaintiff's later-filed Motion to Amend presents a separate question. DE 35 asks whether the operative Complaint states a claim under Rule 12(b)(6); DE 56 asks whether Plaintiff should receive leave under Rule 15 to replace that pleading. The Court decides the former question here and leaves DE 56 for separate consideration. Plaintiff's fifth objection is overruled only to the extent it asks the Court to postpone resolution of DE 35 or to judge the sufficiency of DE 1 and DE 1-1 by reference to the

proposed Amended Complaint. Nothing in this Order adjudicates whether the proposed amendment cures the deficiencies identified below, whether any proposed claim is exhausted or relates back, whether an individual Defendant may be liable under a proposed claim, or whether amendment would otherwise be futile.

### 2.    Race Discrimination and Hostile-Environment Allegations

Plaintiff's first and second objections contend that he sufficiently alleged satisfactory performance and unequal discipline because white coworkers allegedly engaged in the same or similar conduct without comparable discipline, while Plaintiff was terminated. (DE 51 at 2-3.) DE 49 also argues that the pleadings support harassment and a hostile work environment. (DE 49 at 9.) Defendants respond that the comparator detail Plaintiff relies on either does not appear in the operative Complaint or lacks sufficient factual context to support a meaningful comparison. (DE 35-1 at 12-13; DE 52 at 9-11.)

Plaintiff was not required to plead each element of a *McDonnell Douglas* prima facie case. *Johnson*, 163 F.4th at 814. But when a disparate-discipline theory rests on comparator evidence, the pleaded facts must contain enough commonality on relevant variables to permit a meaningful inference of discrimination; relevant considerations include common standards, supervision, positions, and conduct. *Id.* at 815-18. A Section 1981 plaintiff must plausibly allege and ultimately prove that race was a but-for cause of the loss of a legally protected right. *Comcast Corp. v. National Association of African American-Owned Media*, 589 U.S. 327, 340-41 (2020).

The operative pleadings contain more factual material than the labels in the form Complaint alone. Plaintiff identifies himself as African American and alleges termination, unequal terms and conditions, and retaliation. (DE 1-1 at 4-5.) His original attachments include the May 30, 2024, email complaining of discrimination (DE 1 at 10), threatening text messages among coworkers (*id.* at 11-13), an alleged confrontation later identified as involving Thompkins (*id.* at 14, 16), an account of a coworker directing a racial slur at Plaintiff (*id.* at 17), and Plaintiff's statement that Weaver and others had praised his work and that management's view of him changed after his discrimination complaint (*id.* at 18).

Those allegations still do not plausibly connect Plaintiff's race to his termination. The threatening-message screenshots do not allege the participants' races, positions, supervisors, applicable disciplinary standards, or whether the employees were disciplined. The racial slur recounted at DE 1 at 17 is explicit and serious, but the operative pleading does not allege that the speaker participated in or influenced the termination decision. Likewise, the alleged confrontation with Thompkins is not pleaded as race-based conduct or as part of the termination decision. And while the praise recounted at DE 1 at 18 provides some support for satisfactory performance at that time, the Complaint does not identify the termination date or otherwise connect that praise to Plaintiff's performance when the challenged decision was made. These omissions leave the asserted inference that race caused the termination at the level of possibility rather than plausibility.

The Court also does not treat as true the disputed factual assertions in the excerpt from FGI's position statement attached at DE 1 at 15 merely because Plaintiff submitted it. *See Goines*, 822 F.3d at 167-68. At most, that document identifies the explanation FGI gave for its action, an explanation Plaintiff disputes.

To the extent DE 49 presses a distinct race-based hostile-work-environment theory, the result is the same. The operative pleadings use terms such as harassment and workplace hostility and recount the racial slur described above, but they do not allege the speaker's role, the employer's knowledge of that incident, or facts connecting the separate threatening and confrontational events to race as a course of racially hostile conduct attributable to FGI. Later factual elaboration cannot amend that pleading through an objection. *See S. Walk at Broadlands*, 713 F.3d at 184-85. Accordingly, Plaintiff's first and second objections, and his hostile-environment argument in DE 49, are overruled.

### 3.    Retaliation

Plaintiff's third objection relies on his May 30, 2024, discrimination complaint, the treatment he says followed, and his later termination; he argues that temporal proximity supports causation. (DE 51 at 3; see also DE 49 at 9.) Defendants do not dispute, for purposes of DE 35, that Plaintiff alleged protected activity around May 30, 2024, and termination. They challenge the causal connection between the two. (DE 35-1 at 13-14; DE 52 at 9-11.)

A retaliation plaintiff need not plead a prima facie case, but the complaint must plausibly connect the protected activity to the adverse action. *Johnson*, 163 F.4th at

819-21. Temporal proximity may support that inference, but it requires a plausible allegation that the relevant decisionmaker actually knew of the protected activity before acting. *Id*. at 820.

Here, the May 30 email supplies protected activity, and Plaintiff alleges that attitudes toward him changed afterward. (DE 1 at 10, 18.) But the operative Complaint does not state when Plaintiff was terminated, identify who made the termination decision, or allege facts showing that the relevant decision-maker knew of the May 30 complaint before acting. The March 2025 email to Weaver asking why Plaintiff had been terminated and referring to the accusation that he threatened someone (DE 1 at 14) does not itself allege that Weaver made or influenced the earlier termination decision. The causal link therefore remains speculative. Plaintiff's third objection is overruled.

### 4.     Individual Defendants

Plaintiff's sixth objection argues that Thompkins personally participated in conduct comparable to the conduct for which Plaintiff was terminated and that Weaver and Thompkins were directly involved in the wrongdoing. (DE 51 at 4; DE 49 at 10.) Defendants respond that the operative Complaint describes workplace interactions involving the two individuals but does not allege actionable discriminatory or retaliatory conduct by either of them. (DE 35-1 at 16-17; DE 52 at 9-10.)

Individual liability under § 1981 requires an affirmative causal link between the actor and the discriminatory action and must rest on "the actor's personal

9

involvement." *Hawthorne v. Virginia State University*, 568 F. App'x 203, 204-05 (4th Cir. 2014) (unpublished). The original attachments identify Thompkins as the superintendent involved in the alleged confrontation (DE 1 at 16) and identify Weaver in communications concerning Human Resources, Plaintiff's work, and his later inquiry about termination (*id*. at 14, 18). But the operative pleading does not allege that Thompkins made or influenced the termination decision, acted because of Plaintiff's race, or retaliated because of protected activity. Nor does it allege that Weaver made or influenced the termination decision or otherwise took a discriminatory or retaliatory action against Plaintiff. Plaintiff's sixth objection is therefore overruled.

### 5.    Breach of Contract

Plaintiff also argues that Defendants breached contractual obligations, employment agreements, or company policies by failing to apply disciplinary rules evenly. (DE 49 at 10.) Defendants respond that the operative Complaint repeatedly uses the phrase "breach of contract" but identifies no contract or enforceable contractual provision. (DE 35-1 at 15-16; DE 52 at 9-10.)

The Court agrees with the Report. The operative pleadings do not identify a contract between Plaintiff and any Defendant, the contractual promise allegedly breached, or facts showing breach of an enforceable contractual term. General references to company policies or unequal enforcement do not supply the missing contract. The Court therefore adopts the Report's recommendation as to the breach-of-contract claim.

## E.     Conclusion

Accordingly, after a thorough review of the Report, Plaintiff's objections, the parties' filings, the operative pleadings, the record, and the applicable law, the Court **ADOPTS AS MODIFIED** the Report and Recommendation (DE 46).

Plaintiff's objections (DE 49; DE 51) are **OVERRULED** for the reasons stated herein. Plaintiff's fifth objection is overruled only as to the disposition of the operative Complaint and DE 35; Plaintiff's separately filed Motion for Leave to File Amended Complaint remains pending.

Defendants' Motion to Dismiss or, in the alternative, for a More Definite Statement (DE 35) is **GRANTED IN PART AND DENIED AS MOOT IN PART**. The Motion is **GRANTED** to the extent Defendants seek dismissal under Rule 12(b)(6), and the claims asserted in Plaintiff's operative Complaint and supplemental pleading (DE 1; DE 1-1) are **DISMISSED WITHOUT PREJUDICE**. The Motion is **DENIED AS MOOT** to the extent Defendants alternatively request a more definite statement under Rule 12(e).

Plaintiff's Motion for Leave to File Amended Complaint (DE 56) **REMAINS PENDING AND REFERRED TO THE MAGISTRATE JUDGE** for prompt consideration and disposition. Nothing in this Order adjudicates the merits of DE 56.

Plaintiff's Motion for Extension of Time to Obtain Legal Representatives (DE 50) is **DENIED AS MOOT**.

Because DE 56 remains pending, no final judgment shall be entered at this time.

11

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 13, 2026